Ríos et al., Demandantes y Apelantes, *v.* Menéndez et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Guayama en pleito sobre nulidad de escritura.

No. 2515.—Resuelto en julio 11, 1922.

Nulidad de Venta para Pago de Contribuciones—Comprador Incapacitado—Causa de Acción.—Cuando se pide la nulidad de una venta por contribuciones bajo el fundamento de que el comprador carecía de capacidad para adquirir por ser un heredero del dueño (*Fernández et al.* v. *Olivencia et al.*, 19 D. P. R. 329) si la demanda no alega que la adquisición tuvo lugar después del fallecimiento del causante, no aduce hechos suficientes.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. M. Guzmán Texidor.*

Abogado de los apelados: *Sr. B. Fernández García.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Se alega en la demanda de este caso que Francisco Ríos murió dejando como únicos herederos a sus hijos legítimos los demandantes, al demandado Eustaquio Ríos y a otro hijo que falleció con posterioridad a su causante sin dejar descendientes, siendo sus herederos sus otros hermanos por haber fallecido también la madre de los demandantes y del demandado Eustaquio Ríos; que Francisco Ríos era dueño de cierta finca que se describe; que en mayo de 1905 el sub-Colector de Rentas de Cidra embargó dicha finca como de la propiedad de Francisco Ríos para responder del pago de contribuciones; que vendida en subasta pública se adjudicó al postor Eustaquio Ríos, heredero forzoso de Francisco Ríos; que como consecuencia de dicha venta a Eustaquio Ríos éste la inscribió a su nombre en el registro de la propiedad, siendo la inscripción primera, en virtud de escritura que le fué otorgada por el Registrador de la Propiedad de Guayama en 1907; que Eustaquio Ríos vendió la totalidad de la finca al demandado Onofre Menéndez a cuyo nombre ha sido inscrita en el registro de la propiedad; que la adjudicación hecha a

Eustaquio Ríos en la subasta es nula por estar incapacitado para adquirir directa o indirectamente los bienes de su causante en subasta por falta del pago de las contribuciones impuestas a la propiedad; que a Eustaquio Ríos nunca le fué transmitida la propiedad de dicha finca sino la propiedad que en ella tenía por derecho hereditario y que el pago del dinero que hizo en la subasta equivale al pago de las contribuciones adeudadas; que Eustaquio Ríos no pudo transmitir al demandado Onofre Menéndez la propiedad de dicha finca sino la participación que en ella le correspondía y que Onofre Menéndez tenía conocimiento de que la venta hecha a Eustaquio Ríos era nula por aparecer así claramente del registro de la propiedad; que Menéndez detenta ilegalmente los condominios de los demandantes y se niega a reconocérselos; que la finca tiene un valor de cinco mil pesos y que Eustaquio Ríos figura como demandado por no haber querido unirse a los demandantes.  Por esas alegaciones pidieron a la corte dictase sentencia con los siguientes pronunciamientos: (*a*) que los demandantes son dueños de cuatro quintas partes de la finca rústica que en la demanda se describe; (*b*) que el demandado Onofre Menéndez debe reconocer y entregar dichos condominios a los demandantes y que debe pagar las costas.

El demandado Eustaquio Ríos no ha comparecido en este pleito pero sí lo hizo Onofre Menéndez quien alegó como excepción previa que la demanda no contiene hechos suficientes determinantes de causa de acción, y habiendo sido desestimada por la corte contestó entonces la demanda y celebrado juicio recayó sentencia declarando sin lugar la demanda contra la cual los demandantes han interpuesto este recurso de apelación.

Como se formuló contra la demanda la excepción previa general de que no aduce hechos determinantes de causa de acción y fué desestimada, esta es la primera cuestión que debemos considerar en esta apelación.

El fundamento de la demanda es que según hemos declarado en el caso de *Fernández* v. *Olivencia,* 19 D. P. R. 329, Eustaquio Ríos no está capacitado como heredero de Francisco Ríos para comprar en subasta para el pago de contribuciones la finca de su causante y que el pago que hizo en la subasta no es otra cosa que el pago de las contribuciones que como tal heredero adeudaba; pero esta causa de nulidad no surge de la demanda porque si bien se dice en ella que Francisco Ríos falleció, no se hace constar la fecha de su muerte ni que fuera anterior a la subasta de la finca por el colector, hecho que es necesario alegar para poder llegar a la conclusión de que cuando Eustaquio Ríos compró la finca era ya heredero de Francisco Ríos, con mayor motivo en este caso cuanto que en la demanda se consigna que la finca fué embargada y vendida como de la propiedad de Francisco Ríos.

Siendo insuficiente por este motivo la demanda para determinar la causa de acción ejercitada en ella, debió ser declarada sin lugar y por este motivo debe confirmarse la sentencia que declaró sin lugar la demanda.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.